*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0109p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

DEXTER WAYNE DODD,

                *Plaintiff-Appellant*,

    *v.*

PATRICK R. DONAHOE and UNITED STATES OF
AMERICA,

                *Defendants-Appellees*,

DON CARTWRIGHT, VICKI COX, FRED
JOHNSON, RAY WHITE, and MARCUS MILLS,

                *Defendants*.

No. 11-5509

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 1:09-cv-1148—J. Daniel Breen, District Judge.

Argued: October 2, 2012

Decided and Filed:  April 19, 2013

Before:  MOORE and COLE, Circuit Judges; ROSE, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Jon A. York, PENTECOST & GLENN, PLLC, Jackson, Tennessee, for
Appellant.  Melissa N. Patterson, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellees.  **ON BRIEF:** Jon A. York, Melissa K. Van Pelt,
PENTECOST & GLENN, PLLC, Jackson, Tennessee, for Appellant.  Melissa N.
Patterson, Marleigh D. Dover, Stephanie R. Marcus, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio,
sitting by designation.

1

———————————

## OPINION

———————————

KAREN NELSON MOORE, Circuit Judge.  Plaintiff-Appellant, Dexter Wayne Dodd, works as a mail carrier for the United States Postal Service ("USPS"). Defendants-Appellees are Patrick R. Donahoe, Postmaster General of the USPS,[1] and the United States of America.  Dodd filed a lawsuit against defendants, alleging claims of false imprisonment, false arrest, abuse of process, and malicious prosecution under the Federal Tort Claims Act ("FTCA") as well as a claim of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").  The district court dismissed Dodd's FTCA claim because it determined that the claim was preempted by the Civil Service Reform Act ("CSRA"), specifically, 5 U.S.C. § 2301 et seq. ("Chapter 23"). The district court granted summary judgment in favor of defendants on Dodd's Title VII claim because Dodd failed to make a prima facie showing of discrimination.

On appeal, Dodd argues that the district court erred by dismissing his FTCA claim and granting summary judgment in favor of defendants on his Title VII claim.  We agree with Dodd that the district court erred in dismissing his claim under the FTCA because Chapter 23 does not apply to postal employees; therefore, we **REVERSE** the dismissal of that claim and **REMAND** the case for further proceedings.  We do not agree with Dodd, however, that the district court erred with respect to his Title VII claim; thus, we **AFFIRM** the grant of summary judgment in favor of defendants on that claim.

## I.  BACKGROUND

### A.  Facts

Dodd, an African American, was employed as a USPS letter carrier for all times relevant to this matter.  On March 7, 2008, Vicki Cox, Dodd's immediate supervisor at

———————————

[1]Patrick R. Donahoe has replaced John E. Potter pursuant to Federal Rule of Appellate Procedure 43(b)(2).

USPS, forwarded complaints from postal customers on Dodd's route to the USPS Office of the Inspector General ("OIG"). Dodd alleges that Cox referred the complaints to the OIG "based upon her racial animus to Mr. Dodd, to retaliate against him for his involvement in the USPS Letter Carrier's union, and as a means of securing the termination of his employment from the USPS." R. 15 (Am. Compl. ¶ 18) (Page ID #58–59).

OIG Special Agents Ray White and Marcus Mills ("OIG Agents") "commenced a criminal investigation of Mr. Dodd" after receiving the complaints from Cox. *Id.* at ¶ 19 (Page ID #59). The OIG Agents found that Dodd had "completed an Employee Generated Change of Address order" and "had failed to deliver some mail that [the OIG Agents] believed to be deliverable." *Id.* at ¶ 21 (Page ID #59). White and Mills reported the findings to their superior, Special Agent Fred Johnson, and also "recommended that state criminal charges be pursued against Mr. Dodd." *Id.* at ¶ 22 (Page ID #59). On August 5, 2008, Johnson sent a letter to the District Attorney General of the Twenty-Sixth Judicial District of Tennessee, requesting that charges be pursued against Dodd.

"[T]he Madison County Grand Jury indicted Mr. Dodd on charges of forgery, identity theft and theft of property." *Id.* at ¶ 26 (Page ID #60). Dodd claims that these charges were the result of the "Defendants' false and misleading grand jury testimony, or alternatively, the knowingly and maliciously caused false and misleading testimony." *Id.* After Dodd was arrested on those charges, he "was forced to remain in custody at the Madison County jail in Jackson, Tennessee for seven (7) days" before posting bond. *Id.* at ¶ 27 (Page ID #61). "Shortly after the prosecution commenced," the state issued a superseding indictment that dropped several of the original charges but added "a series of non-specific misdemeanor theft[] charges arising from mail articles that Mr. Dodd processed as being undeliverable . . . at the behest of Defendants." *Id.* ¶ 28. Thereafter, the state dismissed all criminal charges against Dodd.

**B. Procedure**

On December 15, 2008, Dodd filed a formal complaint with the USPS National Equal Employment Opportunity Investigative Services Office for discrimination on the basis of race. On December 29, 2008, Dodd's complaint was dismissed for failure to state a claim. Dodd timely appealed to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the dismissal of Dodd's claim on April 10, 2009.

Dodd filed suit in the U.S. District Court for the Western District of Tennessee on July 3, 2009. In his initial complaint, Dodd asserted two claims: (1) USPS officials engaged in a "practice of prosecuting African-American letter carriers without just cause," constituting race discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq., and (2) a *Bivens* action against Cox and the OIG Agents for their deprivation of Dodd's constitutional rights.[2] R. 1 (Compl. at ¶¶ 30–31) (Page ID #8–9).

On December 1, 2009, Dodd filed an amended complaint that added a claim under the FTCA, 28 U.S.C. §§ 2671–80. In his FTCA claim, Dodd alleged that the actions taken by OIG Agents Johnson, White, and Mills constitute false imprisonment, false arrest, abuse of process, and/or malicious prosecution under the laws of the State of Tennessee. Pursuant to the FTCA, the United States could be liable for those actions because they were allegedly committed by its investigative and law-enforcement officers, the OIG Agents. *Id.* § 2680. Dodd's amended complaint also states that he filed his FTCA claim with the Chief Counsel of the USPS National Tort Center on May 29, 2009, pursuant to 39 C.F.R. § 912.4. He notes that this fulfills the FTCA's exhaustion requirement because he has not heard back from the USPS National Tort Center for more than six months.

The district court granted defendants' Rule 12(b)(6) motion to dismiss with regard to Dodd's FTCA claim and granted Rule 56 summary judgment in defendants' favor with regard to Dodd's Tittle VII claim. The district court reasoned that "Dodd's tort claims are preempted by the CSRA" because the claim "clearly arose in the context

---

[2]The *Bivens* claim was dismissed, and that dismissal is not challenged on this appeal.

of employee discipline and therefore constitutes 'personnel action' in the form of 'disciplinary or corrective action'" for which the CSRA provides Dodd's sole remedy. R. 62 (3/31/2011 Dist. Ct. Order at 11) (Page ID #534). Important to the district court was the fact that Dodd was a federal employee and that the CSRA provides a broad comprehensive scheme for remedying claims stemming from the federal employment relationship. *Id.* at 5–11 (Page ID #528–34). The district court granted summary judgment on Dodd's Title VII claim in favor of defendants because Dodd "failed to identify any white mail carrier who was *treated differently* than he, that is, in this context, who stole mail but was *not* prosecuted," a necessary element in Dodd's Title VII claim. *Id.* at 13 (Page ID #536). Dodd timely appealed.

## II.  FTCA CLAIM

The focus of the parties' arguments on appeal is whether the OIG Agents' actions constitute "personnel action" under the CSRA, 5 U.S.C. § 2302(a)(2)(A). Defendants agree with the district court that this was "personnel action" and therefore Dodd must pursue his claim under Chapter 23 of Title 5. Dodd disagrees, arguing that this was not "personnel action" under Chapter 23. The parties' briefs make clear that the Postal Reorganization Act ("PRA") incorporates certain provisions of the CSRA. Less clear, however, is which portions of the CSRA are actually incorporated into the PRA.

The PRA states that unless a law is explicitly incorporated into Title 39 or remains in force as a rule or regulation of the Postal Service, "no Federal law dealing with public or Federal . . . employees . . . shall apply to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a). Chapter 75 of Title 5, 5 U.S.C. §§ 7501 et seq., is incorporated into the PRA at 39 U.S.C. § 1005. Chapter 75 is similar to Chapter 23 in that it is a provision of the CSRA that provides employees a mechanism through which they can challenge certain "adverse actions"; however, Chapter 75 does not use the term "personnel action." In *Harper v. Frank*, this court noted that "[m]any . . . provisions of the CSRA that apply generally to federal employees were not incorporated into the PRA." 985 F.2d 285, 289 (6th Cir. 1993).

The combination of 39 U.S.C. § 410(a) and our prior decision in *Harper* leads us to the conclusion that Chapter 23 was not incorporated into the PRA and therefore does not govern the terms of Dodd's employment.[3]  In light of this conclusion, the panel requested that the parties submit letter briefs as to whether § 2302 applies to Dodd.  The parties agree that the statute is not incorporated into the PRA and therefore does not apply in the case at hand.  Given that the district court's sole reason for dismissing Dodd's claim under the FTCA was that the claim was "preempted by the CSRA" because the OIG Agents' actions constitute "personnel action" under Chapter 23, we reverse the dismissal of that claim and remand for further proceedings.

## III.  TITLE VII CLAIM

Dodd argues that the district court erred in granting summary judgment in favor of defendants because, contrary to the district court's conclusion, he asserts that he made a prima facie showing of discrimination under Title VII.  We review de novo a district court's grant of summary judgment.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "In reviewing the district court's decision to grant summary judgment, we must view all evidence in the light most favorable to the non-moving party."  *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986)).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  Dodd seeks to establish his claim of discrimination based on circumstantial evidence.  To do so, he must make a prima

---

[3]Of the cases cited by the parties, only one deals with applying 5 U.S.C. § 2302 to postal employees:  *Sarullo v. United States Postal Service*, 352 F.3d 789 (3d Cir. 2003).  The *Sarullo* decision offers no explanation of how § 2302 applies to postal employees but proceeds to analyze whether actions taken against a postal employee constitute "personnel actions" under § 2302(a)(2)(A).  Interestingly, the *Sarullo* decision notes that the district court held that Sarullo's *Bivens* claim was not preempted by the CSRA because "Sarullo had alleged a *Bivens* action that 'does not constitute an adverse employment action under the CSRA.'"  *Sarullo*, 352 F.3d at 794.  The *Sarullo* district court's language apparently mirrors Chapter 75, not Chapter 23.

facie showing of discrimination under Title VII by demonstrating "(1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than he." *Younis*, 610 F.3d at 363 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

The district court determined that Dodd did not meet the fourth element of the prima facie showing because he "failed to identify any white mail carrier who was *treated differently* than he, that is, in this context, who stole mail but was *not* prosecuted." R. 62 (3/31/2011 Dist. Ct. Order at 13) (Page ID #536). Dodd argues the district court's reasoning is flawed because it assumed that Dodd did in fact steal mail, "which finds absolutely no support in the record." Appellant Br. at 18. Dodd is right to the extent that the district court wrongly stated that Dodd needed to point to a white employee who *actually* stole mail; however, the district court's conclusion is correct nonetheless because Dodd failed to make a prima facie showing of discrimination.

Regardless of whether Dodd did or did not "steal mail," Dodd simply failed to allege that a white employee was treated more favorably than he. Dodd argues that two statements he made fulfill the fourth element for the prima facie showing:

> I am not aware of any non African-American City Carriers employed at the Jackson Main Facility who were prosecuted for theft-type charges concerning their performance in delivering mail prior to or after my prosecution.
>
> The only City Carriers assigned to the Jackson Main Facility that I am aware of who have been prosecuted for theft-type charges concerning their performance in delivering mail are Mr. Burruss and myself, both of whom are African-Americans.

R. 26-2 (Dodd Decl. ¶¶ 11–12) (Page ID #278). Dodd asserts that the "logical" conclusion from these statements is that if only African-American mail carriers were prosecuted, then non-African-American mail carriers were treated more favorably. Dodd's argument skips one logical step: to conclude that non-African-American mail carriers were treated more favorably because they were not prosecuted on criminal

charges, Dodd must have first shown that non-African-American mail carriers received similar complaints that generally gave rise to such prosecutions.

Dodd has not met the prima facie requirement because he failed to allege that any mail carrier outside the protected class was treated more favorably than he was by not being subjected to criminal prosecution after receiving similar customer complaints. *See Younis*, 610 F.3d at 363–64.[4] Therefore, the fact that the district court wrongly stated that Dodd needed to identify a white employee who actually stole mail does not change the logic of the district court's proper conclusion because Dodd failed to identify any non-protected employee who was investigated for either stealing mail or any matter concerning that employee's duties. We affirm the district court's grant of summary judgment in favor of defendants on the Title VII claim because Dodd did not make a prima facie showing of discrimination.

## IV. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's dismissal of Dodd's claim under the FTCA and **REMAND** the case for further proceedings; however, we **AFFIRM** the grant of defendants' motion for summary judgment on Dodd's Title VII claim.

---

[4]In *Younis*, the plaintiff relied on a former employee's affidavit to establish the fourth element of his Title VII claim. The court determined that the affidavit was "insufficient to satisfy the fourth prong" because the employee's statement "did not identify any particular white [employee] as having received more favorable treatment than he or [the plaintiff] did." 610 F.3d at 364.