NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 4, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3018

|  |  |
|---|---|
| WAYNE A. HOLMES,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>LOUIS DeJOY, Postmaster General,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 21 C 2504<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Wayne Holmes appeals the dismissal of his complaint seeking to compel the arbitration of a dispute that arises under a collective bargaining agreement between his employer, the United States Postal Service, and his union. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We take Holmes's well-pleaded facts as true and draw all reasonable inferences in his favor. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Holmes works for the Postal Service as a custodian at the Uptown Post Office in Chicago. He maintains that the Postal Service has failed to employ the number of custodians required by its collective bargaining agreement with his union, the American Postal Workers Union. Holmes says that he asked the union to "submit the dispute to resolution or arbitration in accordance with the terms of the contract," but the "Postal Service refused." To compel the Postal Service into arbitration, Holmes brought this suit under the Federal Arbitration Act. *See* 9 U.S.C. § 2. The Postal Service moved to dismiss Holmes's complaint, arguing, among other things, that Holmes lacked standing to sue it directly under the Postal Reorganization Act. *See* 39 U.S.C. § 1208(b).

The district court granted the motion. The judge questioned Holmes's standing under the Postal Reorganization Act and concluded that he is not a proper plaintiff in a suit to enforce a collective bargaining agreement. The judge acknowledged that a worker may sue a union for breach of the duty of fair representation, but Holmes alleged only that it was the "Postal Service's refusal, rather than any breach of duty by the union" that prevented arbitration of his dispute.

On appeal, Holmes disregards the judge's conclusion that he could not directly bring his suit under the Postal Reorganization Act. He contends instead that the judge erred by not applying the Federal Arbitration Act.

We pause at the outset to address jurisdiction. The face of Holmes's complaint does not specify how he has been affected by the stated contractual violations, so we must consider whether he has alleged injury—a necessary requirement for Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). We are satisfied that he has. He attached to his complaint a grievance asserting that the supposed contract violations caused "changes to [his] workload." Because written exhibits are treated as part of the pleadings, *see* FED. R. CIV. P. 10(c), we accept the statement as an assertion that he suffered an actual, concrete injury.

Now to the merits. The Postal Reorganization Act confers jurisdiction on district courts over suits "for violation of contracts between the Postal Service and a labor organization representing Postal Service employees." 39 U.S.C. § 1208(b). The Act shields the Postal Service from the reach of many other federal laws. It mandates that "no Federal law dealing with public or Federal contracts … [or] employees … shall apply to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a); *see, e.g.*, *Dodd v. Donahoe*, 715 F.3d 151, 155 (6th Cir. 2013) (Chapter 23 of the U.S. Code does not

apply to Postal Service). The Act also contains several exceptions to this general exemption, none of which applies here. *See* 39 U.S.C. § 410(b).

A union member may sue for a violation of § 1208(b) of the Postal Reorganization Act only if the union has breached its duty of fair representation by engaging in conduct that is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 182, 190 (1967); *see also Matthews v. Milwaukee Area Loc. Postal Workers Union, AFL-CIO*, 495 F.3d 438, 441 (7th Cir. 2007); *Pierce v. Commonwealth Edison Co.*, 112 F.3d 893, 895 (7th Cir. 1997); *Roman v. U.S. Postal Serv.*, 821 F.2d 382, 388 (7th Cir. 1987); *Melendy v. U.S. Postal Serv.*, 589 F.2d 256, 260 (7th Cir. 1978). Section 1208(b) is construed the same way as § 301 of the Labor Management Relations Act, *see* 29 U.S.C. § 185(a), so we cite the case law from these Acts interchangeably. *See Truhlar v. U.S. Postal Serv.*, 600 F.3d 888, 892 n.1 (7th Cir. 2010); *see, e.g., Roman*, 821 F.2d at 386.

The judge rightly concluded that Holmes may not sue the Postal Service. First, Holmes cannot state a claim under the Federal Arbitration Act, *see* 9 U.S.C. § 2, because that statute is not one of the listed exceptions to the provision that exempts the Postal Service from other federal employment and contract law, *see* 39 U.S.C. § 410(b). Second, Holmes failed to state a claim under the Postal Reorganization Act because he did not allege that his union breached its duty of fair representation. The target of his complaint is the Postal Service's refusal of his request for arbitration, not any action taken by the union. And nothing in his complaint could reasonably be thought to describe arbitrary or discriminatory conduct by the union.

We close with a note about the procedural basis for the dismissal. The judge stated only that he was dismissing the action, but he did not specify whether he was doing so under Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure: "[I]t's not entirely clear … whether the Postal Service's objection is properly considered as involving Holmes's `standing,'" but, "[i]rrespective of the appropriate characterization … Holmes is not a proper plaintiff." The Supreme Court has held that the absence of a statutory claim must not be confused with the lack of standing. *See, e.g., Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–28 (2014). *See also, e.g., McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.*, 937 F.3d 1056, 1063 (7th Cir. 2019). Holmes's complaint fails not because he lacks standing but because he cannot state a claim under the Federal Arbitration Act or § 1208(b) of the Postal Reorganization Act. The appropriate basis for dismissal here was Rule 12(b)(6).

AFFIRMED