NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0169n.06

No. 23-1734

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 17, 2024
KELLY L. STEPHENS, Clerk

STEVE ARNDT,

    Plaintiff-Appellant,

v.

L. PERRIGO COMPANY,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: BOGGS, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. L. Perrigo Company fired Steve Arndt after he tested positive for marijuana during a random drug test. Arndt sued Perrigo, asserting discrimination claims under the Americans with Disabilities Act and the Age Discrimination in Employment Act. The district court granted summary judgment to Perrigo. We affirm.

Arndt is a 61-year-old electrician who began working at Perrigo in 2000. Perrigo has a zero-tolerance policy for drug use and contracts with a third party to test its employees. That third party, Alternative Safety & Testing Solutions ("ASTS"), randomly selects employees for testing each month. In May 2021, ASTS selected Arndt for a drug test, which he took at Perrigo's medical center. A week later, ASTS told Perrigo's human-resources department that Arndt had tested positive for tetrahydrocannabinol—marijuana.

Human-resources manager Mersiha Ceric called Arndt and told him about the positive test. She also told him not to report to work and to expect a call from ASTS. ASTS's medical-review

officer, Dr. Bradley Friedland, then called Arndt to discuss his test results. During that call, Arndt denied using marijuana. The next day, Arndt followed up with Dr. Friedland to provide a reason as to why he tested positive: namely, that he had used a Blistex lip balm with hemp oil right before taking his test. Dr. Friedland explained that, regardless of Arndt's theory, Perrigo's policy was "fairly strict" and that there "was not a whole lot [Arndt] could do." Friedland then verified Arndt's positive test and forwarded it to Perrigo.

Ceric called Arndt and told him Perrigo was firing him because Perrigo's "policy was to terminate if there was a positive drug test." Arndt called Ceric back the next day, saying that he had taken two at-home drug tests and tested negative on both. He also told her about his Blistex-lip-balm theory. Perrigo followed up with Friedland, who said that the lip balm should not have contained enough THC to "trigger a positive," but Blistex theoretically could have been out of compliance with the law. Still, Friedland doubted that lip balm could "contaminate" the testing swab—the swab collects fluid that has "passed through the lungs or intestines into the bloodstream" and then been "secreted by the gum tissue." He concluded that he would not "place much credence in" the theory. After Ceric received Dr. Friedland's response, she told Arndt that his termination was final.

Arndt then sued Perrigo, alleging that it had fired him because of his age and because it had "regarded him" as being "disabled"—specifically, that it had "erroneously regarded" him as a drug user and thus having a disability. The district court granted summary judgment to Perrigo on both claims, concluding that Arndt had failed to establish a prima facie case of either disability or age discrimination. We review the district court's grant of summary judgment de novo. *Dodd v. Donahoe*, 715 F.3d 151, 155 (6th Cir. 2013).

The Americans with Disabilities Act prohibits employers from "discharg[ing]" a "qualified individual" because of a disability. 42 U.S.C. § 12112(a). But the Act's protections are not limited to disabled employees. If an employer fires a non-disabled employee because it "regard[s]" that employee as having a "physical or mental impairment," that perception can also count as a protected "disability." *Id.* § 12102(1)(C), (3)(A). Arndt invokes that perception here. Specifically, he argues that he was "disabled" within the Act's meaning because, he says, Perrigo wrongly regarded him as a "user of illegal marijuana." Appellant's Br. at 27. But Arndt lacks any evidence that Perrigo "perceived" him as having a "physical or mental impairment," as opposed to perceiving him simply as a person who had failed a drug test. *Id.* § 12102(3)(A). Nor does Arndt have any evidence that Perrigo perceived him as having an "impairment" with a duration of at least "6 months[.]" *Id.* § 12102(3)(B). The district court was therefore correct to hold that Arndt had not established a prima facie case of discrimination based on a perceived disability. Opinion at 4, No. 22-cv-112 (W.D. Mich. July 21, 2023).

Nor can § 12114 of the Act revive Arndt's claim of "disability." That provision does not "exclude as a qualified individual with a disability" a person whom an employer "erroneously regarded as engaging in illegal drug use." *Id.* § 12114(b)(3). But that provision does not say that every such person is therefore included in the Act's definition of a "qualified individual with a disability." Section 12114 is a provision of exclusion, not inclusion. Arndt must therefore present evidence that he was a qualified individual with a disability as defined in the Act. And as discussed above, he lacks such evidence.

That leaves Arndt's age-discrimination claim. Absent direct evidence, we employ the burden-shifting scheme from *McDonnell Douglas*. *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir. 2021). But we can skip the first step here. Whether Arndt "properly made out a

prima facie case" is "no longer relevant" because Perrigo offered a nondiscriminatory reason for firing Arndt—the positive drug test. *U.S.P.S. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983). The burden thus shifts back to Arndt to demonstrate that Perrigo's reason was a pretext for discrimination. *Pelcha*, 988 F.3d at 325.

Arndt failed to do so. He first argues that the reason for his termination had "no basis in fact" because he "did not test positive for an illegal drug." But again Arndt provides no evidence that his lip balm caused the positive test. Moreover, Perrigo established that it had an "honest belief" in its nondiscriminatory reason for firing Arndt. *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer demonstrates an honest belief when it provides evidence that it made a "reasonably informed and considered decision" to terminate based on the facts before it. *Id.* Perrigo showed that here: The same day that Arndt told Ceric about potential problems with his drug test, Perrigo followed up with Dr. Friedland. Only after Friedland expressed skepticism about Arndt's lip-balm theory did Perrigo tell Arndt that it would not reconsider his termination. When, as here, an employer held an honest belief in its proffered reason for firing an employee, the employee cannot show that reason was pretextual because it was false. *Id.*

Arndt finally contends that the "actual reason" he was fired was because his supervisor, Jon Laue, discriminated against Arndt because of his age. *Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 391 (6th Cir. 2009). But Arndt concedes that Ceric was the sole decisionmaker who fired him. And Arndt otherwise offers no evidence that Laue influenced Ceric's decision, that Laue even wanted Perrigo to fire Arndt, or that Laue ever made comments about Arndt's age.

The district court's judgment is affirmed.